PRUDENTIAL INSURANCE COMPANY OF AMERICA v. BARTON.

## Opinion delivered June 6, 1927.

SUBROGATION—LENDER PAYING OFF MORTGAGE DEBT.—One lending money on mortgaged land in reliance on the borrower's representation that it was unincumbered and taking a mortgage thereon, *held* not entitled to be subrogated to the rights under a prior mortgage, to the extent to which the loan was used to pay off such mortgage, where there was no agreement as to payment of the prior mortgage, and where the prior mortgagees were unaware of the fraud, and the prior mortgage was recorded.

Appeal from Crittenden Chancery Court; *A. L. Hutchins*, Chancellor on exchange; affirmed.

*R. V. Wheeler*, for appellant.

*Mann & Mann*, for appellee.

HUMPHREYS, J.   This suit was instituted by appellees against R. S. Morris, the legal owner of about 1,900 acres of land in Crittenden County, Arkansas, his wife, the appellant and other parties, to foreclose a deed of trust by R. S. Morris and wife on the tract of land referred to, on the 7th day of February, 1920, and recorded on the 14th day of the same month, to secure a loan of $32,000 which, after allowing all credits, amounted to $37,480.57 on the date of the foreclosure. The 1900-acre tract included the northeast quarter of section 32, township 8 north, range 7 east; and was also intended by the parties to include the southeast quarter of section 29 in said township and range, but, through mistake, was described as the southwest quarter of said section, township and range.

Appellant filed an answer and cross-complaint, alleging that its assignor, the Guaranty Bank & Trust Company, loaned R. S. Morris $9,600 on the southeast quarter of said section 29 and the northeast quarter of said section 32, under the representation that the 320-acre tract was unincumbered except by the mortgage for $3,500 to the Southern Abstract & Loan Company; that out of the money it loaned Morris he paid off the mort-

gage to the Southern Abstract & Loan Company, amounting to $4,096, including interest, and paid the balance of $5,500 to appellees on their mortgage; that, by reason of paying the indebtedness due the Southern Abstract & Loan Company, which was a superior lien to the mortgage lien of appellees, and by reason of paying $5,500 to appellees on their mortgage, it was entitled, under the doctrine of subrogation, to have its mortgage lien declared a prior and paramount lien to that of appellees on the northeast quarter of section 32, township 8 north, range 7 east.

On the hearing of the cause upon the pleadings and testimony adduced by the respective parties, the court adjudged the lien of appellant prior and paramount to that of appellees on the southeast quarter of said section 29, and declared the lien of appellees prior and paramount to that of appellant on the northeast quarter of section 32, township 8 north, range 7 east, from which latter judgment an appeal has been duly prosecuted to this court.

The facts are undisputed, and are as follows:

R. S. Morris, who was the owner of the southeast quarter of said section 29 and the northeast quarter of said section 32, executed a mortgage to the Southern Abstract & Loan Company for $3,500, prior to February 7, 1920, in which his wife joined. On the 7th day of February, 1920, R. S. Morris and wife conveyed to R. B. Barton, as trustee for F. G. Barton Cotton Company, the appellees herein, by deed of trust to secure an indebtedness to F. G. Barton Cotton Company of $32,000 on about 1,900 acres of land, including the northeast quarter of said section 32, and intending to include the southeast quarter of said section 29, but, through mistake, described the latter 160-acre tract as being in the southwest quarter of said section 29. The deed of trust recited that it was made subject to the mortgage of the Southern Abstract & Loan Company for $3,500. The mortgage to R. B. Barton, as trustee for the F. G. Barton Cotton Com-

pany, was recorded on the 14th day of February, 1920. On the 16th day of October, 1920, R. S. Morris and his wife executed a mortgage on the southeast quarter of said section 29 and the northeast quarter of said section 32 to appellant's assignor, the Guaranty Bank & Trust Company, to secure a loan of $9,600, which was recorded on November 9, 1920. It was represented, and the abstract showed, that the only mortgage on said 320-acre tract was the mortgage held by the Southern Abstract & Loan Company for $3,500. The abstract failed to show the mortgage of R. S. Morris and wife to R. B. Barton, as trustee, on the northeast quarter of said section 32 and other lots to secure an indebtedness of $32,000.

R. S. Morris used a part of the money he borrowed from appellant on the 320-acre tract to pay off the $3,500 mortgage and accumulated interest to the Southern Abstract & Loan Company, and used the balance, amounting to $5,500, to pay on the mortgage to R. B. Barton, as trustee, and F. G. Barton Cotton Company. R. B. Morris and the F. G. Barton Cotton Company knew where and how R. S. Morris obtained the money with which he paid the Southern Abstract & Loan Company and the $5,500 to themselves, but had nothing to do with procuring and negotiating the loan, either directly or indirectly.

The only question involved on this appeal is whether the court erred in declaring the lien of appellees on the northeast quarter of said section 32 prior and paramount to that of appellant on said quarter section.

Appellant contends that, because R. S. Morris used a part of the money procured from its assignor, the Guaranty Bank & Trust Company, to pay off the prior mortgage lien to the Southern Abstract & Loan Company, it is entitled to be subrogated to the rights of said Southern Abstract & Loan Company and have its lien declared prior and paramount to the lien of appellees. The exact point involved was decided adversely to appellant's con-

tention in the case of *Southern Trust Co.* v. *Garner,* 145 Ark. 58, 223 S. W. 369.    The rule announced was:

"A bank which lent money on mortgaged chattels, in reliance on the borrower's representation that they were unincumbered, and took a mortgage thereon, was not entitled to be subrogated to the rights of the prior mortgagee to the extent to which the loan was used to pay off the prior mortgage, there being no agreement in regard to the payment of the prior mortgage, and the prior mortgagee being unaware of the fraud practiced on the bank, and the prior mortgage being duly recorded."

In the instant case there was no agreement between R. S. Morris and appellees that he should borrow money from the Guaranty Bank & Trust Company with which to pay the prior mortgage of the Southern Abstract & Loan Company, and, if any fraud was practiced by R. S. Morris upon the Guaranty Bank & Trust Company, appellees were ignorant thereof.    It is not alleged or proved that they advised or suggested that Morris borrow the money from the Guaranty Bank & Trust Company to pay off the first mortgage of the Southern Abstract & Loan Company or to borrow the money from the Guaranty Bank & Trust Company to pay them.    R. S. Morris negotiated the loan on his own account.    Appellees had nothing to do with furnishing the abstract of title which omitted their mortgage.

No error appearing, the judgment is affirmed.